CHRIS MARCO v. CITY OF CLARKSDALE.

[47 South. 780.]

MUNICIPALITIES. *Privilege taxes. Ordinance.*

> A city ordinance imposing a municipal privilege tax on five of six classes of dealers in beverages upon whom by the statute a state privilege tax is imposed, does not warrant collection of the municipal tax from the omitted class.

FROM the circuit court of, second district, Coahoma county.
HON. SAMUEL C. COOK, Judge.

Marco, the appellant, was convicted and fined by the mayor of Clarksdale, for conducting the business of a retail dealer in coca-cola, celery-cola, and like beverages, within the municipal limits of Clarksdale, a city of over three thousand inhabitants, in violation of art. 19 of the city charter. He appealed to the circuit court, where he was tried before the circuit judge, a jury being waived. The trial was on an agreed state of facts wherein it was admitted that the appellant's dealing in and selling of such beverages consisted solely of habitual sales of such drinks in bottles; that he had paid no privilege license to the city for conducting such business; and that the city of Clarksdale was a municipality having over three thousand inhabitants, incorporated under the general laws of Mississippi. As stated in the opinion, art. 19 of the city's charter is a rescript, except as presently shown, of what is now Code 1906, § 3790, and it fixes fifty per centum of the state tax in each instance as the amount of privilege tax for the city, but the last paragraph of the section, in regard to persons or firms selling any of the drinks in bottles is omitted. Code 1906, § 3790, is set forth in full in the opinion.

*D. A. Scott,* for appellant.

The city ordinance, under which appellant was tried, convicted and fined, is in part a duplicate of Code 1906, § 3894,

the amount of tax being changed to conform to the statute limiting the right of municipalities in the imposition of privilege tax. The ordinance, however, fails to impose a privilege tax upon each person or firm selling any of the prescribed beverages in bottles.

Appellee's contention seems to be that the appellant is guilty of violating that part of the city ordinance imposing a privilege tax of $12.50 upon retail dealers. But it is evident that, inasmuch as the municipality did not impose any privilege tax upon persons or firms selling coca-cola in bottles within the municipality limits, it will not be permitted, under that part of the ordinance providing for the payment of $12.50 tax on each person or firm retailing coca-cola, to tax the appellant. No sales at retail were made by appellant.

It is manifest that the intention of the legislature, in enacting Code 1906, § 3790, was to impose taxation on six separate and distinct businesses; first, upon a factory or bottling establishment for the bottling of coca-cola and other like drinks; second, upon a depot for the distribution or shipment of coca-cola, etc.; third, upon the retail dealers in such described beverages in cities of over three thousand inhabitants; fourth, upon retail dealers in cities of not more than three thousand and over two thousand inhabitants; fifth, upon persons engaged in retailing such beverages in towns of less than two thousand inhabitants; and, sixth, on each person or firm selling the drinks enumerated in the code section, in bottles. If such be the correct interpretation of the statute, it is manifest that the appellant, who is engaged in the separate and distinct business of selling coca-cola only in bottles, could not legally be required to pay a privilege tax of more than $2.50, even if the sheriff demanded the same for county, state privilege, under the statute. Certainly, under any view of the matter, appellant cannot be held liable to the municipality, because the municipal ordinance does not impose privilege tax for conducting such busi-

ness.   How the court could have arrived at the sum, fixed as a fine upon appellant, to-wit, sixty two dollars and fifty cents, is not apparent, for there was no authority in the court to impose a penalty of five times any supposed privilege tax of twelve dollars and fifty cents.

Statutes imposing taxes must be construed strictly.   Any doubt as to the guilt or innocence of a citizen who is prosecuted for a failure to comply with such statutes must be solved in his favor and not against him.   Cooley on Taxation, 201, note; *United States v. Wigglesworth,* 2 Story, 369; *Sewell v. Jones,* 9 Pick. 412; *Vicksburg, etc., R. Co. v. State,* 62 Miss. 105.

Whenever it is doubtful whether a municipality is legally authorized to impose a privilege tax, the doubt should be solved in favor of the citizen.   Laws imposing duties or taxes should not be construed beyond the natural import of the language used, and should never be construed so as to impose burdens upon citizens, where the correct interpretation of the law is doubtful.   *Ex parte Taylor,* 58 Miss. 478, citing Potter's Dwarris on Statutes, 190, note; *Eskridge v. Magruder,* 45 Miss.; *Bonds v. Green,* 56 Miss. 710; *Witherspoon v. Bluett,* 47 Miss. 570; *Logan v. State,* 53 Miss. 451; *State v. Simmons,* 70 Miss. 486, 12 South. 477.

It is common knowledge that by retail dealers in the beverages mentioned in the statute are meant those persons or firms selling the beverages, not in bottles, but by the drink or glass over their counters to be drunk immediately by the purchaser.   The code section was intended to mean that, if within the prescribed limits one should sell the beverage in bottles, he must pay a privilege of two dollars and fifty cents; but if he should sell otherwise than in bottles, then he must pay the tax of twenty-five dollars.   Due to the fact that the municipal ordinance failed to impose any tax at all for sale of bottled coca-cola and other like beverage within the city limits, appellant is in no wise liable to the municipality.

*J. W. Cutrer,* for appellee.

In all cities of over three thousand inhabitants a retail dealer
in coca-cola is required to pay a privilege tax of twenty-five dol-
lars. It is undisputed that Clarksdale is a city of over three
thousand inhabitants. A retail dealer, under the meaning of
the statute, is one who is not a manufacturer or distributor, in
so far as the municipal classification of dealers is concerned.
A man is none the less a "retail dealer," because he sells the
beverage in bottles rather than in glasses over his counter, to
customers.

The true interpretation of the statute under consideration,
arriving at the legislative intent from the collocation of the
several parts thereof and the language used, is that no matter
how a dealer may retail or handle coca-cola in municipalities,
the tax upon the business must be paid, determinable in amount
only by the number of inhabitants of the several municipalities
in which the business may be transacted.

Because the legislature did not levy a tax on retail dealers in
coca-cola, outside of municipalities, who should sell the same
not in bottles, is no reason why this court should say that the
legislature intended to nullify the preceding clauses of Code
1906, § 3790, expressly levying taxes upon all retail dealers in
coca-cola in towns and cities of the respective populations men-
tioned. And, for the same reason, the fact that the legislature
did levy a tax of two dollars and fifty cents "on each person or
firm" selling coca-cola outside of cities and towns, in bottles
only, is no reason why a person in a city or town should have the
right to pay a privilege tax for selling, in bottles only, without
the limits of cities and towns, and thereupon transact the for-
bidden business, *i. e.,* that of a "retail dealer in coca-cola," in
cities and towns of certain size, without first paying the tax
levied and imposed by the statute upon such dealers in all
cities and towns.

A retail dealer is one who sells in small quantities or broken

packages, as contradistinguished from a wholesale dealer or distributor. Even though the appellant sold coca-cola only in bottles, is he not a retail dealer?

It is an indubitable proposition that every statute must be construed so as to avoid apparent conflicts and repugnancies and so as to make it effective in its entirety.

WHITFIELD, C. J., delivered the opinion of the court.

The appellant was tried and convicted for selling coca-cocla by retail in the city of Clarksdale, a city of more than three thousand inhabitants, and was fined five times the penalty of $12.50, making $62.50 in all. The case is here on an agreed state of facts.

Section 3894, Code 1906, is in the following words: "3894. *Privileges to be Paid to Tax Collector of County; Exceptions.* Any person other than insurance, telegraph, express and sleeping car companies, building and loan associations and commercial agencies, desiring to enjoy any of the privileges taxed by law in this state, shall first pay the tax prescribed to the collector of taxes of the county and obtain of him the license herein required for the privilege. Insurance companies, fraternal orders, incorporated insurance agencies and insurance agents shall pay direct for their privileges to the insurance commissioner. And telegraph, express, sleeping car companies, building and loan associations and commercial agencies, shall pay direct for their privileges to the auditor of public accounts, before they shall exercise any of the privileges of carrying on their business in this state. Any person or corporate body who shall exercise any of the privileges taxed by law in this state without first paying the tax and procuring the license as required, shall, on conviction, be fined not less than an amount equal to five times the tax imposed on such privileges, or shall be imprisoned in the county jail not more than six months, or both by such fine and imprisonment."

It was under a part of this section that the penalty was made five times the amount, $12.50, required for license, to sell coca-cola in towns of over three thousand inhabitants by retail.

Section 3790, Code 1906, is in the following words:

" 3790.   *Coca-cola, Colavin, etc.*—On each factory or bottling establishment for the bottling of coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta and colavin, nervola, and nervo-cola, or any similar or proprietary drink, the sum of ...........................  $ 50 00

On each depot for the distribution or shipment of coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta, and colavin, nervola, nervo-cola, or any similar or proprietary drink, the sum of ......................  150 00

Provided this act shall not be construed to subject the bottling establishments to the tax both as manufacturer and distributor.

*Same,* on each retail dealer in coca-cola, celery-cola, afri-cola, hecks-cola, cola-beta, colavin, nervola, and nervo-cola, or any similar or proprietary drink, in cities of over three thousand inhabitants ..........  25 00

*Same,* in cities of not more than three thousand and over two thousand inhabitants .................  10 00

*Same,* in towns of two thousand or less inhabitants     5 00

*Same,* on each person or firm selling any of the above drinks in bottles ........................  2 50

Article 19 of the charter of the city of Clarksdale is a mere rescript of said section 3790, providing, however, fifty per cent of the state tax in each instance as the amount of the privilege tax for the city, and omitting the last paragraph of section 3790 altogether, which last section provided for a privilege tax of $2.50 for the state on each dealer in coca-cola selling it in bottles.   This was entirely omitted from the ordinance and there is no provision in the ordinances of the city of Clarksdale imposing any privilege tax upon one selling coca-cola in

bottles. The evidence in the case makes it perfectly plain that what appellant did was to sell coca-cola not at retail, but in bottles.

Since there was no provision in the ordinances of the city of Clarksdale providing any privilege tax for one selling coca-cola in bottles, and since that was what the appellant did, and since the appellant was not selling coca-cola by retail, it is, of course perfectly clear that the judgment must be, and it is hereby, reversed, and the prisoner discharged.

*Reversed.*